IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE SHANON LAMBERT,
    Petitioner,

vs.                                                             Case No. 3:08cv555/MCR/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Now pending is Respondent's motion to dismiss (Doc. 15) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded in opposition to the motion (Doc. 17).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 15, Exhibits). On January 21, 2002, in the Circuit Court in and for Escambia County, Florida, Petitioner was convicted of one count of delivery or sale of cocaine and one count of possession of cocaine with intent to sell, pursuant to a no contest plea in Case No. 1998 CF 000392, and one count of conspiracy to traffic in more that 400 grams of cocaine, pursuant to a guilty plea in Case No. 1999 CF 000383 (*see* Doc. 15, Exs. A, B, C, D). He was sentenced on all counts to concurrent terms of one year of community control followed by four (4) years of probation (*id.*). On February 26, 2004, Petitioner's probation was revoked in both cases, and he was sentenced

to a term of fifteen (15) years in state prison in Case No. 1999 CF 000383 and a concurrent term of 13.86 months in state prison in Case No. 1998 CF 000392 (*see* Doc. 1 at 1; Doc. 15, Exs. C, D). Petitioner appealed the judgment to the Florida First District Court of Appeal (First DCA). On September 2, 2005, the First DCA issued an opinion affirming the judgment (*see* Doc. 1 at 2; Doc. 15, Ex. E). Lambert v. State, 910 So. 2d 890 (Fla. 1st DCA 2005).

On March 9, 2007, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Doc. 1 at 2; Doc. 15, Ex. F). On August 10, 2007, the trial court denied the motion (*see* Doc. 1 at 2; Doc. 15, Exs. A, B). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on February 4, 2008, with the mandate issuing March 3, 2008 (*see* Doc. 1 at 2; Doc. 15, Exs. A, B). Lambert v. State, 973 So. 2d 1129 (Fla. 1st DCA Feb. 4, 2008) (Table).

Petitioner filed the instant federal habeas petition on December 17, 2008 (Doc. 1 at 13).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, the parties do not dispute that Petitioner's conviction became final on December 1, 2005, after the 90-day period in which to seek certiorari review with the United States Supreme Court expired (*see* Doc. 15 at 2; Doc. 17 at 2). *See* Jimenez v. Quarterman, --- U.S. ----, 129 S. Ct. 681, 685–86, 172 L. Ed. 2d 475 (2009) ("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to th[e] [Supreme] Court [of the United States], has been exhausted."); Nix v. Secretary for the Dep't of Corrections,

393 F.3d 1235, 1237 (11th Cir. 2004) (holding that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction).[1] Therefore, the federal limitations period began to run on December 1, 2005, and it expired one year later, on December 1, 2006. Petitioner did not file his federal petition on or before December 1, 2006; however, he may be entitled to habeas review if the limitations period was tolled pursuant to statutory tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, the record shows that Petitioner filed his first Rule 3.850 motion on March 9, 2007; however, this petition was filed after the one-year limitations period had already expired. Because that motion was filed after the federal limitations period expired, it did not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner contends he is entitled to equitable tolling of the limitations period due to his legal inexperience and misunderstanding of the law, time spent attempting to obtain counsel to represent him in post-conviction proceedings, a six-month delay in obtaining transcripts and other legal documents, and limited access to the law library (Doc. 17 at 2–3). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (other citations omitted)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

---

[1] The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also* U.S. Sup. Ct. R. 13.1 (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).

In the instant case, Petitioner does not allege facts suggesting that his circumstances were extraordinary or anything other than those routinely experienced by inmates. Furthermore, Petitioner does not allege that he made any attempt to file a federal petition or ascertain the federal deadline within the one-year period following December 1, 2005. Therefore, he has failed to satisfy either the extraordinary circumstances requirement or the due diligence requirement of the equitable tolling standard. *See* Helton, 259 F.3d at 1313–14 (negligent legal assistance is not a basis for equitable tolling, and record evidence was insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library in light of Helton's failure to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that his correctional institution somehow thwarted his efforts); Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *see also* Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) (transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances; additionally, petitioner failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding; therefore, equitable tolling of limitations period was not warranted); Bell v. Sec'y, Dept. of Corrections, 248 Fed. Appx. 101, 104–05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate."); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.") (citing Henderson v. Johnson, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998) and Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 & n.1 (E.D. Va. 1999) (petitioner's claim that the delay in filing the petition resulted from his seeking legal assistance would neither establish excusable neglect, so as to warrant an enlargement of time to file the petition, or support the equitable tolling of the statute of limitations)).

Based upon the foregoing analysis, Petitioner's federal petition was filed beyond the 365-day federal time limit; and he has failed to demonstrate he is entitled to tolling of the limitations period.

Therefore, Respondent's motion to dismiss should be granted; and the habeas petition should be dismissed.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 15) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 11th day of August 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**